## Commonwealth *v.* Alfa, Appellant.

*Liquor laws—Selling without a license—Club steward.*

Where a foreman of a gang of laborers engaged in a public improvement, erects a temporary building and stocks it with provisions and bottled beer, and without a license sells the beer to the laborers taking payment either in cash, or deducting the amount from the wages under an arrangement with the contractor, and it appears that no one of the laborers has any title to or interest in the beer until it is reduced to his possession, the foreman may be convicted of selling liquor without a license. In such a case the foreman cannot be considered a club steward.

Argued, Jan. 11, 1904. Appeal, No. 262, Oct. T., 1903, by defendant, from judgment of Q. S. Montgomery Co., Dec. T., 1903, No. 40, on verdict of guilty in case of Commonwealth v. Peter Alfe. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for selling liquor without a license. Before WEAND, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.

*Error assigned* was in refusing binding instructions for defendant.

*Reginald H. Innes* and *Algernon B. Roberts*, with them *Parker S. Williams*, for appellants, cited: Com. v. Hess, 148

Pa. 98; Com. v. Tierney, 148 Pa. 552; Klein v. Livingston Club, 277 Pa. 224.

*Abraham H. Hendricks*, for appellee.

OPINION BY ORLADY, J., March 14, 1904:

The defendant, a foreman or boss of a body of Italian laborers, who were employed in constructing an extensive public work, erected a temporary building near to the place where the work was being done, and stocked it with provisions such as are usually used by Italians, and added thereto beer in bottles and cases. The business at the store or commissary as it was called was conducted by a representative of the defendant and there was no attempt to disguise the character of the enterprise. The sales of provisions and beer were made to all laborers who applied for them, payment being secured either in cash or by deducting the amount of purchase from the wages of the laborers, under an arrangement with the contractor of the sewer work. The essential facts are not disputed and the defense suggested was such a manifest evasion of our license laws, that it was the duty of the court to instruct the jury that the defense was not a valid one. The defendant did not have a license to sell liquor and the arrangement had none of the elements of a club or association. He was not in any sense a representative of the laborers in buying the liquor and disbursing it; he acted for himself; made the purchases in his own name; fixed the price to be charged; delivered the beer to the purchasers and secured his pay in as definite a manner as he sold the provisions. No one of the laborers had any title to or interest in the beer until it was reduced to his possession. The whole stock in the commissary belonged exclusively to the defendant and the business was intended to continue only until the work on the sewer was completed. The personel of the laborers was frequently changed by discharge and withdrawal, yet he could have abandoned or could continue his enterprise without any liability to these patrons. The verdict of guilty was the only one to be rendered under the undisputed facts.

The judgment is affirmed, the record remitted to the court below that the sentence be carried into effect.